UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REEMA ZAVERI
AND RAJESH ZAVERI,

    Plaintiffs,   Civil No.

vs.

GOLD EQUITY, LLC,
and RAM COHEN,

    _____Defendants_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW the Plaintiffs, Reema Zaveri and Rajesh Zaveri (herein after referred to as "Plaintiffs"), by and through their undersigned counsel and sue the Defendants, Gold Equity, LLC, a Florida Corporation, and Ram Cohen, an individual (herein after referred to collectively as "Defendants"), and state as follows:

**INTRODUCTION**

1. This is an action by Plaintiffs against their former employer for unpaid wages and overtime pursuant to the Fair Labor Standards Act ("FLSA").

**JURISDICTION**

Page 1 of 10

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. Section 201, et. seq. The Court has jurisdiction over FLSA claims pursuant to 29 U.S.C. Section 216(b).

## VENUE

3. The venue is proper in this Court, over this controversy, because the employer's principal place of business, and the location at which the Plaintiffs worked, was in DeLand, Florida.

## FACTUAL HISTORY

4. Plaintiffs were, at all times material to this Complaint, employed by Defendants as hotel managers at the Defendants' work location in DeLand, Florida.

5. Defendant, Gold Equity, LLC, is a Florida Corporation which operates a hotel restaurant in DeLand, Florida.

6. Gold Equity, LLC, is an employer as defined by 29 U.S.C. Section 203(d) and has employees subject to provisions of the FLSA, 29 U.S.C. Section 206, in the capacity in which the Plaintiffs were employed with the Defendants.

7. Plaintiffs were employees of Gold Equity, LLC, and at all times relevant to this Complaint the Defendants were engaged in commerce as defined by 29 U.S.C. section 206 (a) and 207(a)(1).

8. Defendant, Gold Equity, LLC, in the alternative, is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. section 203(s)(1).

9. Defendant, Ram Cohen, was, at all times material to the instant Complaint, Business Manager of Gold Equity, LLC.

10. Ram Cohen, at all times material to this Complaint, was acting directly or indirectly in the interest of the Defendant, Gold Equity, LLC, in direct relation to the Plaintiffs' employment and, therefore, was substantially in control of the terms and conditions of Plaintiffs' work and is a statutory employer of the Plaintiffs as defined by 29 U.S.C. section 203 (d).

11. Plaintiffs were employed with the Defendants prior to January 1, 2020 until November 16, 2020.

12. Plaintiffs, in good faith, agree they were always employed as salaried managers while employed by Gold Equity, LLC.

13. Plaintiffs were paid a salary of $519.00, each, per week for the first forty weeks of calendar year 2020.

14. For Plaintiffs to have been properly paid on a salary basis and exempted from overtime, they were required to have been paid a salary of $684.00, each, per week for the first forty weeks of calendar year 2020.

15. Plaintiffs conferred multiple times with Gold Equity, LLC, through its employees, during the first forty weeks of 2020, about correcting their erroneous salaries.

16. Although Gold Equity eventually adjusted Plaintiffs' salaries, soon thereafter, Gold Equity, LLC terminated Plaintiffs' employment in retaliation for making complaints about the FLSA violations.

17. There is no legitimate, nondiscriminatory reason justifying Plaintiffs' termination.

18. Plaintiffs have retained the services of Matthew E. Romanik, Esquire, of the law firm of Michael Ciocchetti, PLLC., to represent them in this matter and have agreed to pay a reasonable attorney's fee and reimburse costs for representation in this matter.

## COUNT I
## VIOLATION OF THE SALARY BASIS PROVISIONS OF THE FLSA REGARDING REEMA ZAVERI

19. Plaintiff restates and realleges the allegations in paragraphs 1-18.

20. During the time Plaintiff, Reema Zaveri, was employed by the Defendants in this matter, the Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at a rate not less $684.00 per week for the first forty weeks of calendar year 2020.

21. Plaintiff was compensated only $519.00 per week for the first forty weeks of calendar year 2020.

22. Plaintiff consistently worked far in excess forty hours a week during the first forty weeks of calendar year 2020.

23. Defendants owe Plaintiff unpaid wages and overtime for the time worked in excess of forty hours during the first forty weeks of calendar year 2020.

**WHEREFORE**, Plaintiff demands a Judgment against the Defendants, jointly and severally, to include:

(a) Unpaid wages and overtime for the first forty weeks of calendar year 2020.

(b) An additional amount equal to the unpaid overtime due and owing to the Plaintiff as liquidated damages.

(c) Prejudgment interest.

(d) Reasonable attorney's fees and costs.

(e) Any other relief the Court deems just and equitable.

## COUNT II
### VIOLATION OF THE SALARY BASIS PROVISIONS OF THE FLSA REGARDING RAJESH ZAVERI

24. Plaintiff restates and realleges the allegations in paragraphs 1-18.

25. During the time Plaintiff, Rajesh Zaveri, was employed by the Defendants in this matter, the Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff at a rate not less $684.00 per week for the first forty weeks of calendar year 2020.

26. Plaintiff was compensated only $519.00 per week for the first forty weeks of calendar year 2020.

27. Plaintiff consistently worked far in excess of forty hours a week during the first forty weeks of calendar year 2020.

28. Defendants owe Plaintiff unpaid wages and overtime for the time worked in excess of forty hours during the first forty weeks of calendar year 2020.

**WHEREFORE**, Plaintiff demands a Judgment against the Defendants, jointly and severally, to include:

(a) Unpaid wages and overtime for the first forty weeks of calendar year 2020.

(b) An additional amount equal to the unpaid overtime due and owing to the Plaintiff as liquidated damages.

(c) Prejudgment interest.

(d) Reasonable attorney's fees and costs.

(e) Any other relief the Court deems just and equitable.

### COUNT III

## VIOLATION OF 29 U.S.C. SEC. 215(a)(3) REGARDING REEMA ZAVERI

29. Plaintiff, Reema Zaveri, restates and realleges the allegations in paragraphs 1-18.

30. Plaintiff requested she be paid the correct salary basis for her time worked.

31. Plaintiff complained to Defendants that she was not compensated at the correct salary basis for her work.

32. Pursuant to 29 U.S.C. Sec. 215(a)(3), an employer may not retaliate against an employee for making even unofficial complaints about FLSA violations.

33. Plaintiff's complaints were either official or unofficial complaints about FLSA violations.

34. Plaintiff has suffered damages due to the Defendants terminating her employment as a result of her complaints about FLSA violations regarding her salary.

35. Plaintiff has retained counsel to pursue this discrimination/retaliation claim on a contingency basis.

**WHEREFORE**, Plaintiff demands a Judgment against the Defendants, to include:

(a) Compensatory damages to compensate Plaintiff for lost earnings as a result of her termination.

(b) Injunctive relief prohibiting Defendants from paying their employees illegally.

(c) Reinstatement of the Plaintiff's employment.

(d) Prejudgment interest.

(e) Reasonable attorney's fees and costs.

(f) Any other relief the Court deems just and equitable.

## COUNT IV
## VIOLATION OF 29 U.S.C. SEC. 215(a)(3) REGARDING RAJESH ZAVERI

36. Plaintiff, Rajesh Zaveri, restates and realleges the allegations in paragraphs 1-18.

37. Plaintiff requested he be paid the correct salary basis for his time worked.

38. Plaintiff complained to Defendants that he was not compensated at the correct salary basis for his work.

39. Pursuant to 29 U.S.C. Sec. 215(a)(3), an employer may not retaliate against an employee for making even unofficial complaints about FLSA violations.

40. Plaintiff's complaints were either official or unofficial complaints about FLSA violations.

41. Plaintiff has suffered damages due to the Defendants terminating his employment as a result of his complaints about FLSA violations regarding his salary.

42. Plaintiff has retained counsel to pursue this discrimination/retaliation claim on a contingency basis.

**WHEREFORE**, Plaintiff demands a Judgment against the Defendants, to include:

(a) Compensatory damages to compensate Plaintiff for lost earnings as a result of his termination.

(b) Injunctive relief prohibiting Defendants from paying their employees illegally.

(c) Reinstatement of the Plaintiff's employment.

(d) Prejudgment interest.

(e) Reasonable attorney's fees and costs.

(f) Any other relief the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 11th day of May, 2021.

Respectfully submitted,

/s Matthew E. Romanik, Esq.
MATTHEW E. ROMANIK, B.C.S.
Fla. Bar No.: 0062588

        Michael Ciocchetti, PLLC.
        125 N. Ridgewood Ave, Ste 100
        Daytona Beach, FL  32114
        (386) 317-7777-Phone
        (386) 845-0222 Facsimile
        Attorney for Plaintiff
        Matt@FloridaInsLaw.com
        Kim@FloridaInsLaw.com

## Certificate of Compliance

I CERTIFY that this motion, is submitted in an acceptable front at least 13-point font, in compliance with the requirements of Local Rules of US District Court for the Middle District of Florida1.08(a) and (b).

        /s/Matthew E. Romanik
        Matthew E. Romanik, B.C.S.
        Florida Bar No.: 0062588